UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

13-cv-20206-DMM

LOLA STYLE, INC. a Florida Corporation,

    Plaintiff,

vs.

DM MERCHANDISING, INC., an Illinois Corporation,
PARTY CITY CORPORATION, a New Jersey
Corporation, VALUEVISION MEDIA, INC., d/b/a
SHOPNBC.COM, a Minnesota Corporation,
OVERSTOCK.COM, INC. d/b/a OVERSTOCK.COM,
a Utah Corporation, WAL-MART.COM USA, LLC,
d/b/a WALMART.COM, an Arkansas Corporation,
MILE HIGH NET STORES LLC, d/b/a
FITSINTHEPURSE.COM, a Colorado Corporation,
MY JEWEL THIEF, INC. d/b/a
MYJEWELTHIEF.NET, a Michigan Corporation,
NEXTAG, INC., d/b/a NEXTAG.COM, a
California Corporation, DOLLARDAYS INTERNATIONAL
LLC, d/b/a DOLLARDAYS.COM, an Arizona
Corporation, AMAZON.COM, INC, d/b/a AMAZON.COM,
a Washington Corporation, EBAY, INC., d/b/a EBAY.COM,
a Delaware Corporation, SEARS BRANDS, LLC, d/b/a
SEARS.COM, an Illinois Corporation, SHOPZILLA, INC.,
d/b/a BIZRATE.COM, a California Corporation.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

    Defendants, DM MERCHANDISING, INC., an Illinois corporation ("**DM Merchandising**"), PARTY CITY CORPORATION, a New Jersey Corporation ("**Party City**"), VALUEVISION MEDIA, INC. d/b/a SHOPNBC.COM, a Minnesota Corporation ("**ShopNBC**"), and OVERSTOCK.COM, INC. d/b/a OVERSTOCK.COM, a Utah Corporation ("**Overstock**") (collectively the "**Defendants**"), by and through undersigned counsel, hereby file

their Answer, Affirmative Defenses and Counterclaim to Plaintiff's, LOLA STYLE, INC., a Florida corporation, First Amended Complaint.

## PARTIES

1. Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 1 and therefore deny them.

2. Defendant DM Merchandising admits the allegations of paragraph 2.

3. Defendant Party City admits the allegations of paragraph 3.

4. Defendant ValueVision admits the allegations of paragraph 4.

5. Denied that Defendant Overstock is a Utah corporation. Defendant Overstock admits the remaining allegations of paragraph 5.

6. Defendants are without knowledge of the allegations contained in paragraph 6 and therefore deny same.

7. Defendants are without knowledge of the allegations contained in paragraph 7 and therefore deny same.

8. Defendants are without knowledge of the allegations contained in paragraph 8 and therefore deny same.

9. Defendants are without knowledge of the allegations contained in paragraph 9 and therefore deny same.

10. Defendants are without knowledge of the allegations contained in paragraph 10 and therefore deny same.

11. Defendants are without knowledge of the allegations contained in paragraph 11 and therefore deny same.

12. Defendants are without knowledge of the allegations contained in paragraph 12 and therefore deny same.

13. Defendants are without knowledge of the allegations contained in paragraph 13 and therefore deny same.

14. Defendants are without knowledge of the allegations contained in paragraph 14 and therefore deny same.

## JURISDICTION AND VENUE

15. Defendants admit that plaintiff purports to institute this action on the bases described in paragraph 15. Defendants deny that plaintiff is entitled to the relief sought in otherwise denies the allegations in paragraph 15.

16. Defendants admit the allegations of paragraph 16 as they relate to defendant Party City. Defendants deny the remaining allegations of paragraph 16.

17. Defendant DM Merchandising denies the allegations of paragraph 17.

18. Defendant Party City admits the allegations of paragraph 18.

19. Defendant ValueVision denies the allegations of paragraph 19.

20. Defendant Overstock denies the allegations of paragraph 20.

21. Defendants are without knowledge of the allegations contained in paragraph 21 and therefore deny same.

22. Defendants are without knowledge of the allegations contained in paragraph 22 and therefore deny same.

23. Defendants are without knowledge of the allegations contained in paragraph 23 and therefore deny same.

24. Defendants are without knowledge of the allegations contained in paragraph 24 and therefore deny same.

25. Defendants are without knowledge of the allegations contained in paragraph 25 and therefore deny same.

26. Defendants are without knowledge of the allegations contained in paragraph 26 and therefore deny same.

27. Defendants are without knowledge of the allegations contained in paragraph 27 and therefore deny same.

28. Defendants are without knowledge of the allegations contained in paragraph 28 and therefore deny same.

29. Defendants are without knowledge of the allegations contained in paragraph 29 and therefore deny same.

30. Defendants admit that venue may be proper in this District, but assert that for the convenience of parties and witnesses, and for the efficient administration of justice, venue for this case should be transferred to the Northern District of Illinois.

## **GENERAL ALLEGATIONS**

31. Defendants are without knowledge of the allegations contained in paragraph 31 and therefore deny same.

32. Defendants are without knowledge of the allegations contained in paragraph 32 and therefore deny same.

33. Defendants are without knowledge of the allegations contained in paragraph 33 and therefore deny same.

34. Defendants are without knowledge of the allegations contained in paragraph 34 and therefore deny same.

35. Defendants are without knowledge of the allegations contained in paragraph 35 and therefore deny same.

36. Defendants are without knowledge of the allegations contained in paragraph 36 and therefore deny same.

37. Defendants are without knowledge of the allegations contained in paragraph 37 and therefore deny same.

38. Defendants admit that the document attached to the complaint as Exhibit "A" purports to be a true and correct copy of the United States Patent No 7,032,327.  Defendants deny that the 327 Patent was "duly and legally issued" "after a full and fair examination."

39. Defendants are without knowledge of the allegations contained in paragraph 39 and therefore deny same.

40. Defendants are without knowledge of the allegations contained in paragraph 40 and therefore deny same.

41. Defendants are without knowledge of the allegations contained in paragraph 41 and therefore deny same.

42. Defendants are without knowledge of the allegations contained in paragraph 42 and therefore deny same.

43. Defendants are without knowledge of the allegations contained in paragraph 43 and therefore deny same.

44. Defendants are without knowledge of the allegations contained in paragraph 43 and therefore deny same.

45. Defendant DM Merchandising admits that it received a copy of the document attached to the complaint as Exhibit "B" Defendant DM Merchandising lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 45.

46. Defendant DM Merchandising admits that it denied that its SIDEKICKS sandals infringed the '327 Patent and that the document attached as Exhibit "C" is a copy of its response. Defendant DM Merchandising objects to the characterization contained in the allegations of paragraph 46, namely that it "summarily denied" infringement.

47. Defendants deny the allegations of paragraph 47.

48. Defendants are without knowledge of the allegations contained in paragraph 48 and therefore deny same.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

### COUNT I- DM MERCHANDISING'S INFRINGEMENT

51. Defendant DM Merchandising repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1-50.

52. Defendant DM Merchandising denies the allegations of paragraph 52.

53. Defendant DM Merchandising denies the allegations of paragraph 53.

### COUNT II- PARTY CITY'S INFRINGEMENT

54. Defendant Party City repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1-50.

55. Defendant Party City admits that the document attached to the complaint as Exhibit "D" purports to be a copy of a receipt from the identified Party City store. Defendant Party City denies the remaining allegations of paragraph 55.

56. Defendant Party City denies the allegations of paragraph 56.

## COUNT III- SHOPNBC.COM'S INFRINGEMENT

57. Defendant ShopNBC repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1-50.

58. Defendant ShopNBC admits that the document attached to the complaint as Exhibit "E" purports to be a copy of a webpage. Defendant Shopnbc.com denies the remaining allegations of paragraph 58.

59. Defendant ShopNBC denies the allegations of paragraph 59.

## COUNT IV- OVERSTOCK.COM'S INFRINGEMENT

60. Defendant Overstock repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1-50.

61. Defendant Overstock admits that the document attached to the complaint as Exhibit "F" purports to be a copy of a webpage. Defendant Overstock.com denies the remaining allegations of paragraph 61.

62. Defendant Overstock denies the allegations of paragraph 62.

## COUNT V-WALMART.COM'S INFRINGEMENT

63. Defendants are without knowledge of the allegations contained in paragraph 63 and therefore deny same.

64. Defendants are without knowledge of the allegations contained in paragraph 64 and therefore deny same.

65. Defendants are without knowledge of the allegations contained in paragraph 65 and therefore deny same.

## COUNT VI - FITSINTHEPURSE.COM'S INFRINGEMENT

66. Defendants are without knowledge of the allegations contained in paragraph 66 and therefore deny same.

67. Defendants are without knowledge of the allegations contained in paragraph 67 and therefore deny same.

68. Defendants are without knowledge of the allegations contained in paragraph 68 and therefore deny same.

## COUNT VII- MYJEWELTHIEF.NET'S INFRINGEMENT

69. Defendants are without knowledge of the allegations contained in paragraph 69 and therefore deny same.

70. Defendants are without knowledge of the allegations contained in paragraph 70 and therefore deny same.

71. Defendants are without knowledge of the allegations contained in paragraph 71 and therefore deny same.

## COUNT VIII- NEXTAG.COM'S INFRINGEMENT

72. Defendants are without knowledge of the allegations contained in paragraph 72 and therefore deny same.

73. Defendants are without knowledge of the allegations contained in paragraph 73 and therefore deny same.

74. Defendants are without knowledge of the allegations contained in paragraph 74 and therefore deny same.

## COUNT IX - DOLLARDAYS.COM'S INFRINGEMENT

75. Defendants are without knowledge of the allegations contained in paragraph 75 and therefore deny same.

76. Defendants are without knowledge of the allegations contained in paragraph 76 and therefore deny same.

77. Defendants are without knowledge of the allegations contained in paragraph 77 and therefore deny same.

## COUNT X- AMAZON.COM'S INFRINGMENT

78. Defendants are without knowledge of the allegations contained in paragraph 78 and therefore deny same.

79. Defendants are without knowledge of the allegations contained in paragraph 79 and therefore deny same.

80. Defendants are without knowledge of the allegations contained in paragraph 80 and therefore deny same.

## COUNT XI-EBAY.COM'S INFRINGMENT

81. Defendants are without knowledge of the allegations contained in paragraph 81 and therefore deny same.

82. Defendants are without knowledge of the allegations contained in paragraph 82 and therefore deny same.

83. Defendants are without knowledge of the allegations contained in paragraph 83 and therefore deny same.

## COUNT XII- SEARS.COM'S INFRINGMENT

84. Defendants are without knowledge of the allegations contained in paragraph 84 and therefore deny same.

85. Defendants are without knowledge of the allegations contained in paragraph 85 and therefore deny same.

86. Defendants are without knowledge of the allegations contained in paragraph 86 and therefore deny same.

## COUNT XIII- BIZRATE.COM'S INFRINGMENT

87. Defendants are without knowledge of the allegations contained in paragraph 87 and therefore deny same.

88. Defendants are without knowledge of the allegations contained in paragraph 88 and therefore deny same.

89. Defendants are without knowledge of the allegations contained in paragraph 89 and therefore deny same.

## AFFIRMATIVE DEFENSIVES

### First Affirmative Defense

Defendants have not infringed any claim of U. S. Patent No. 7,032,327.

### Second Affirmative Defense

Upon information and belief, U.S. Patent 7,032,327 is invalid for failure to comply with the provisions of 35 U.S.C. 5 102 as the claimed invention was described in a printed publication more than one year prior to the earliest filing date of the patent's application.

**Third Affirmative Defense**

Upon information and belief, U.S. Patent 7,032,327 is invalid for failure to comply with the provisions of 35 U.S.C. 5 103 as the claimed invention was obvious to a person of ordinary skill in the art at the time of the invention.

**Fourth Affirmative Defense**

The Complaint, and each claim for relief purportedly alleged against the Defendants, is barred under the doctrine of estoppel, waiver, laches and/or unclean hands, as a result of the acts, conduct, and omissions of Plaintiff or of others that are attributable to it.

## COUNTERCLAIM FOR DECLARATORY RELIEF

For its Counterclaim in this action, Defendant/Counterclaimant DM Merchandising, Inc. ("**DM Merchandising**") alleges as follows:

## INTRODUCTION

1.   Plaintiff/Counterdefendant Lola Style, Inc. ("Lola Style "), the alleged owner of U.S. Patent No. 7,032,327 ("'327 Patent") has alleged Defendant/Counterclaimant is infringing upon its patent and has filed the instant action claiming infringement of the '327 patent. The purpose of the following claims is to receive a judgment declaring that Defendant/Counterclaimant is not infringing the '327 Patent and that the claims of the '327 patent are invalid.

## PARTIES

2.   Defendant/Counterclaimant DM Merchandising is an Illinois corporation having its principal place of business at 835 N. Church Court, Elmhurst, IL 60126-1036.

3. On information and belief, Plaintiff/Counterdefendant Lola Style is organized under the laws of the State of Florida and has a principal place of business located at 241 SW 19th Road, Miami, FL 33129.

## NATURE OF THIS ACTION

4. This is a declaratory judgment action seeking a determination that Defendant/Counterclaimant does not infringe any valid or enforceable claim of the '327 Patent under 35 U.S.C. §271.

5. The '327 patent, which is entitled "Collapsible Footwear," issued on April 25, 2006 Plaintiff/Counterdefendant alleges that it owns all rights, title and interest in the '327 patent.

## JURISDICTION AND VENUE

6. This is a counterclaim for declaratory relief under the patent laws of the United States, 35 U.S.C. §51, et seq.

7. Defendant/Counterclaimant seeks declaratory relief under 28 U.S.C. §§ 2201 and 2201.

8. An actual case or controversy exists between Plaintiff/Counterdefendant and Defendant/Counterclaimant regarding infringement of the '327 Patent and its validity and/or enforceability, in part because Plaintiff/Counterdefendant has filed the instant action against Defendant/Counterclaimant alleging that Defendant/Counterclaimant has infringed the '327 Patent.

9. The issues of noninfringement and invalidity of a United States patent arise under the Patent Act, Title 35, United States Code, and this Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338.

10. This Court has personal jurisdiction over Plaintiff/Counterdefendant. Plaintiff/Counterdefendant filed the instant action in this Court and, on information and belief, has operated and conducted business in this State within the meaning of Fla. Stat. §48.193 at least as it relates to the enforcement of the '327 Patent and the presence of an office.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 because, among other reasons, Plaintiff/Counterdefendant is subject to personal jurisdiction in this judicial district and on information and belief, Plaintiff/Counterdefendant has operated and conducted business in this judicial district, or because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## GENERAL ALIGATIONS

12. Defendant/Counterclaimant is a leading provider of consumer goods.

13. On information and belief, Plaintiff/Counterdefendant is an owner of the '327 patent.

14. On or about April 4, 2012, Plaintiff/Counterdefendant filed a complaint in the instant action alleging that certain of Defendant/Counterclaimant products infringed the '327 Patent.

15. Upon receipt of the complaint, Defendant/Counterclaimant reviewed the '327 patent and its products and determined that Defendant/Counterclaimant's current and past products did not and do not in fact infringe upon the '327 Patent claims because the Defendant's products did not and do not contain every required structural element from any claim of the '327 Patent.

16. Defendant/Counterclaimant has not and does not infringe, either directly or indirectly, any valid and enforceable claim of the '327 patent, either literally or under the doctrine of equivalents.

17. By virtue of the forgoing, a substantial controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

## FIRST CLAIM FOR RELIEF
(Non-Infringement of U.S. Patent No. 7,032,327)

18. Defendant/Counterclaimant realleges and incorporates herein the allegations of the preceding paragraphs of this Counterclaim for Declaratory Relief as if fully set forth herein.

19. The broadest claim of the '327 patent requires a computer, a telephone set, and an interface apparatus having certain structural elements.

20. Defendant/Counterclaimant's Sidekicks sandals do not include every structural element of the sandal as claimed by any claims of the '327 Patent.

21. Thus, Defendant/Counterclaimant does not make, use, offer to sell, or sell within the United States any device which includes the structural elements claimed by the '327 Patent.

22. Defendant/Counterclaimant also does not import into the United States any footwear which includes all of the structural elements claimed by the '327 patent.

24. Defendant/Counterclaimant is entitled to a declaratory judgment that it has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '327 Patent.

## SECOND CLAIM FOR RELIEF
(Invalidity of U.S. Patent No. 7,032,327)

25. Defendant/Counterclaimant realleges and incorporates herein the allegations of the preceding paragraphs of this Counterclaim for Declaratory Relief as if fully set forth herein.

26. Each claim of the '327 Patent requires sandal having certain structural elements.

27. The claimed invention in the '327 patent was known in the prior art prior to the earliest filing date of the '327 Patent and was described in a printed publication more than one year before the earliest filing date of the '327 Patent.

28. The structural elements claimed in the claims of the '327 patent were all well known in the prior art such that the claimed combination in the '327 patent would have been obvious to one of skill in the art prior at the time of the invention.

29. Defendant/Counterclaimant is entitled to a declaration pursuant to 28 U.S.C. §2201 that each claim of the '327 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant prays that the Court:

A. Enter an order dismissing Plaintiff/Counterdefendant's Complaint with prejudice based on a finding that Defendant/Counterclaimant 's products do not infringe U. S. Patent No. 7,032,327,

B. Enter an order that U.S. Patent No. 7,032,327 is invalid or unenforceable,

C. Enter an order denying all relief requested by Plaintiff/Counterdefendant and award Plaintiff/Counterdefendant nothing by its claim,

D. Declare that this case is exceptional within the meaning of 35 U.S.C. §285 in favor of Defendant/Counterclaimant; and

E. Grant further relief to Defendant/Counterclaimant as deemed just and proper.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF or in some other authorized manner on March 7, 2013 on all counsel of record on the service list below.

J.M. Guarch, Jr., Esquire
Aran Correa Guarch & Shapiro, P.A.
255 University Drive
Coral Gables, FL  33134
(305) 665-3400 phone
(305) 665-2250 fax
jguarch@acg-law.com

Jason Bravo, Esquire
Paul Bravo, Esquire
BRAVO LLP
1385 Coral Way, Suite 202
Miami, FL  33145
(305)209-9019 phone
(305)503-9204 fax
Jbravo@bravo-llp.com

                                          /s/ Steven M. Appelbaum
                                          Jeffrey B. Shapiro
                                          Fla. Bar No. 484113
                                          Steven M. Appelbaum
                                          Fla. Bar No. 71399
                                          Arnstein & Lehr LLP
                                          Attorneys for *DM Merchandising, Inc., Party City Corporation, ValueVision Media, Inc. d/b/a ShopNBC.com, and Overstock.com, Inc. d/b/a Overstock.com*
                                          200 S. Biscayne Blvd., Suite 3600
                                          Miami, Florida 33131
                                          Telephone: (305) 374-3330
                                          Facsimile: (305) 374-4744
                                          E-mail:  jbshapiro@arnstein.com
                                                             smappelbaum@arnstein.com

10804648.1