UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20206-CIV-MIDDLEBROOKS/BRANNON

LOLA STYLE, INC.,

    Plaintiff,

vs.

DM MERCHANDISING, INC., *et al.*,

    Defendants.
_____/

## ORDER ON DEFENDANT, DM MERCHANDISING'S MOTION TO CHANGE VENUE

THIS CAUSE comes before the Court upon Defendant, DM Merchandising, Inc.'s ("DM") Motion to Transfer Venue (DE 111) ("Motion"), filed May 17, 2013. Plaintiff, Lola Style, Inc. ("Lola") filed a Response (DE 113) on May 24, 2013, to which DM filed a Reply (DE 115) on June 3, 2013. I have reviewed the Motion, Response, Reply, and Record in this case, and I am otherwise fully advised in the premises.

On January 18, 2013, Plaintiff filed suit against several DM, and several other Defendants alleging infringement of Claims 1 and 8 of United States Patent No. 7,032,327 (the "'327 Patent").[1] The '327 Patent claims a collapsible sandal that can easily be folded and tucked away in a small pouch, allowing the shoe to fit easily in a woman's purse.

Defendant DM manufactures and sells to commercial vendors a folding sandal called "Sidekicks." DM is the only Defendant manufacturing the Sidekicks product, whereas the other Defendants offer them for sale.

---

[1] The Complaint originally was against DM and six retailer defendants, but has since been amended twice. Several of the named Defendants have since been dismissed via voluntary stipulation.

1

Shortly after filing the Complaint, Plaintiff filed a instant Motion for Preliminary Injunction asking the Court to enjoin several Defendants[2] from infringing the '327 Patent for the duration of this litigation. I previously denied the Motion for Preliminary Injunction.

DM in the present Motion seeks transfer pursuant to 28 U.S.C. § 1404(a) to the Northern District of Illinois. In support of its request, DM asserts that only one of the two inventors of the patent at issue in this case lives in Florida, and that the "corporation" is in fact only located at a single family home. DM, on the other hand is located in Illinois.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A Court applies a two-part test to determine whether transfer to another district is appropriate. *See Mason v. SmithKline Beecham Clinical Laboratories*, 146 F. Supp. 2d 1355, 1359 (S.D.Fla. 2001). First, the other district must be a venue in which the action could have been brought originally. Second, a balancing of private and public factors must strongly weigh in favor of transfer. An action "might have been brought" in any court that has jurisdiction over the subject matter of the action, if venue is proper and defendants are amenable to process there. *See Miot v. Kechijian,* 830 F.Supp. 1460, 1465 (S.D. Fla. 1993). Even though an action might have been brought in a different district, a plaintiff's choice of forum should not be disturbed unless it is "clearly outweighed" by other considerations. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (internal citation omitted). This determination involves several factors, including "the convenience of the parties and witnesses, the ease of access to evidence, the availability of process to compel the presence of unwilling witnesses, and

---

[2] These Defendants include: DM; Party City Corporation; Valuevision Media, Inc. d/b/a Shopnbc.com; and Overstock.com, Inc. d/b/a Overstock.com.

2

the public interest." *Burger King Corp. v. Thomas*, 755 F.Supp. 1026, 1030 (S.D. Fla. 1991) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508; 67 S.Ct. 839, 843 (1947)).

Public interest factors may include court congestion, the burden on juries hearing controversies that have no relation to the forum, the desirability of having local controversies decided at home, and the difficulty of deciding conflicts of law and applying foreign law. *Hammond North Associates, Ltd. v. ABG Financial Services*, 708 F.Supp. 334, 335 (S.D. Fla.1989) (internal citation omitted). Other factors courts consider include the comparative familiarity of each district with the governing law, the situs of operative events, and judicial economy and the interests of justice. *Kreinberg v. Dow Chemical Co.*, 496 F. Supp. 2d 329, 330 (S.D.N.Y. 2002) (citations omitted). The district court has broad discretion in weighing conflicting arguments regarding venue. *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988) (citation omitted).

After reviewing DM's Motion and applying the above standard, and noting that the several retail defendants - located throughout the Country outside both Florida and Illinois- have not agreed to the requested transfer, and that trial of this case is currently set for November, I find that DM has not satisfied its burden to establish that convenience of the parties "clearly outweighs" the Plaintiff's choice of forum at this late stage of the litigation.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Transfer Venue (DE 111) be and is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this __ day of July, 2013.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE